UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ARGONAUT INSURANCE COMPANY
a/s/o HERITAGE II, LLC,

        Plaintiff,                                REPORT AND
                                                                RECOMMENDATION
   -against-                             23 CV 2708 (RER)(RML)

BIG INTERIOR CONSTRUCTION, INC.,

        Defendant.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated May 7, 2025, the Honorable Ramon E. Reyes, Jr., United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be granted.

## BACKGROUND AND FACTS

        Plaintiff Argonaut Insurance Company ("plaintiff"), as subrogee of Heritage II, LLC ("Heritage"), commenced this case on April 11, 2023 against defendant Big Interior Construction, Inc. ("defendant"), a New York corporation with its principal place of business in Queens, New York, seeking to recover costs incurred as a result of defendant's alleged negligence in creating hazardous conditions that led to a fire on April 25, 2022. (Complaint, filed Apr. 11, 2023 ("Compl."), Dkt. No. 1, ¶¶ 1, 2, 7-12.) Plaintiff is a California corporation with its principal place of business in Illinois. (Id. ¶ 1.) Heritage was the owner of the property at 71 Eighth Avenue, New York, New York (the "property"). (Id. ¶ 3.) Defendant was performing work as a contractor at the property when a fire ignited on April 25, 2022, allegedly due to defendant's employees' negligent acts in leaving "rags, stain, and combustible materials"

on the property "in an unsafe and negligent manner and without necessary ventilation." (Id. ¶¶ 8-9.) As a result of the fire allegedly caused by defendant's negligence, plaintiff paid claims totaling $408,934.50 pursuant to the insurance policy issued to Heritage. (Declaration of Kefira Yisrael-Radcliffe, dated May 16, 2024, Dkt. No. 16-12 ("Yisrael-Radcliffe Decl."), ¶ 7.)

Defendant was served with the summons and complaint on November 16, 2023. (See Affidavit of Service of James Perone, sworn to Nov. 16, 2023, Dkt. No. 8.) Defendant did not answer or move with respect to the complaint, and on April 3, 2024, the Clerk of the Court noted defendant's default. (Clerk's Certificate of Default, dated Apr. 3, 2024 ("Clerk's Cert."), Dkt. No. 11.) Plaintiff now moves for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted). First, the party seeking default judgment must obtain an entry of default against the party who has failed to defend under Rule 55(a), as plaintiff has done here. (Clerk's Cert.) Second, the moving party must petition the court for an entry of default judgment pursuant to Rule 55(b)(2). See Priestley v. Headminder, Inc., 647 F.3d 497, 505 (2d Cir. 2011). In deciding a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). "The plaintiff bears the burden of alleging specific facts, rather than mere labels and conclusions or a formulaic recitation of the

2

elements, so that a court may infer a defendant's liability." Dunston v. Babushka LLC, No. 24 CV 2969, 2024 WL 5164694, at *3 (E.D.N.Y. Dec. 19, 2024) (marks and citations omitted).

B. Standing

Standing is "a threshold matter of justiciability." Tavarez v. Moo Organic Chocolates, LLC, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022). If a plaintiff lacks standing, then the court must dismiss his claim for lack of subject matter jurisdiction. See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005).

Subrogation—the equitable doctrine that allocates responsibility for a loss to the person who in equity and good conscience ought to pay it—"arises by operation of law when the insurer makes payment to the insured." N. Star Reins. Corp. v. Cont'l Ins. Co., 624 N.E.2d 647, 653 (N.Y. 1993) (citing 16 Crouch, Insurance 2d § 61:4 (rev. ed.)). Thus, in insurance cases brought under New York law, "[i]t is the very essence of subrogation that a subrogee stands in the shoes of the subrogor and is entitled to all of the latter's rights, benefits and remedies." Travelers Indem. Co. of Conn. v. Losco Grp., Inc., 136 F. Supp. 2d 253, 255 (S.D.N.Y. 2001) (quoting Spier v. Erber, 759 F. Supp. 1024, 1027 (S.D.N.Y. 1991)); see also Fed. Ins. Co. v. CLE Transp., Inc., No. 18 CV 11119, 2020 WL 1503455, at *2 n.3 (S.D.N.Y. Mar. 30, 2020) (observing that the plaintiff insurer was "an insurer-subrogee and therefore [stood] in the shoes of . . . its insured"); Everest Reins. Co. v. Collector's Fantasy of Brooklyn, Inc., No. 09 CV 5015, 2012 WL 2953955, at *3 (E.D.N.Y. July 19, 2012) (holding that the plaintiff insurer had a "viable subrogation claim, which vested when [the plaintiff's predecessor] paid [the insured] for its losses" in accordance with an insurance policy); Bankers Standard Ins. Co. v. R.C. Complete Landscaping, No. 17 CV 4415, 2019 WL 2437160, at *2 (E.D.N.Y. Feb. 27, 2019) (granting

3

default judgment for property damage in subrogation action). Having paid Heritage under the insurance policy, and having the right to seek subrogation (Compl. ¶ 18), plaintiff has standing to pursue its claim for reimbursement from defendant.

C. Negligence

To establish a claim for negligence, "a plaintiff must show '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" State Farm Fire & Cas. Co. v. Advanced Chimney, Inc., No. 13 CV 4608, 2014 WL 4438899, at *6 (E.D.N.Y. Aug. 11, 2014) (quoting Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 428 (2d Cir. 2013)), report and recommendation adopted, 2014 WL 4439102 (E.D.N.Y. Sept. 8, 2014). Plaintiff alleges that defendant was hired to stain and refinish flooring at the property. (Compl. ¶¶ 7, 8; Yisrael-Radcliffe Decl. ¶ 5; Declaration of Paul Goldenberg, dated Apr. 29, 2025 ("Goldenberg Decl."), Dkt. No. 16-8, ¶¶ 3-5, Exs. 1, 2.) On April 25, 2022, the New York City Fire Department was called to extinguish a fire at the property. (Yisrael-Radcliffe Decl., Ex. 1.) According to the Fire Department's Incident Report, issued on April 26, 2022, the fire was in a vacant apartment and was caused by workers who had been refinishing the floors and had left "supplies and waste" on the premises, "including polyurethane cans, denatured alcohol cans, oily rags, sawdust piled up and a buffer/sanding machine." (Id. at 2.) In addition, "[t]he office door and windows were closed allowing vapors to accumulate to create conditions ripe for spontaneous combustion." (Id.) As a result of damage from the fire, plaintiff paid claims on behalf of Heritage, pursuant to the insurance policy in effect at that time. (Goldenberg Decl. ¶ 12; Yisrael-Radcliffe Decl. ¶ 7.)

Plaintiff's allegations, accepted as true, are sufficient to establish a cause of action for negligence. See State Farm, 2014 WL 4438899, at *8 (holding that the plaintiff stated a

4

claim for negligence where the plaintiff suffered damages as a result of a fire that the defendant caused); Everest Reinsurance Co. v. PRBK, LLC, No. 09 CV 5607, 2010 WL 5490950, at *2 (E.D.N.Y. Dec. 10, 2010), report and recommendation adopted, 2011 WL 13924 (E.D.N.Y. Jan. 4, 2011) (granting motion for default judgment for negligence where the defendant directly and proximately caused the plaintiff's damages). Accordingly, I respectfully recommend that defendant be found liable to plaintiff for the property damage caused by defendant's negligence.

    D. Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." Hosking v. New World Mortg., Inc., 570 F. App'x 28, 31 (2d Cir. 2014); Team Air Express, Inc. v. A. Heffco Techs., Inc., No. 06 CV 2742, 2008 WL 3165892, at * 3 (E.D.N.Y. Aug. 6, 2008), report and recommendation adopted, 2008 WL 4790460 (E.D.N.Y. Oct. 28, 2008) ("While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." (marks and citation omitted)). Accordingly, the court must assess whether plaintiff has produced sufficient evidence of the damages it seeks. See Gutman v. Klein, No. 03 CV 1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010), report and recommendation adopted, 2010 WL 4916722 (E.D.N.Y. Nov. 24, 2010). "[T]he moving party bears the burden of providing a reasonable basis for determination of damages[.]" In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1995) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); see also Sullivan v. Marble Unique Corp., No. 10 CV 3582, 2011 WL 5401987, at *2 (E.D.N.Y. Aug. 30, 2011), report and recommendation adopted, 2011 WL 5402898 (E.D.N.Y. Nov. 4, 2011) ("On a motion for default judgment, a plaintiff has the burden to prove damages to the Court with a 'reasonable certainty.'"); PRBK, 2010 WL 5490950, at *3 (in context of subrogation default judgment,

finding documentation including, *inter alia*, itemized list of costs to repair building sufficient to award damages without hearing).

Kefira Yisrael-Radcliffe, Subrogation Examiner for plaintiff's third party administrator, Brownstone Agency, Inc., has submitted a declaration itemizing in detail the damages that total plaintiff's claimed amount of $408,934.50, with corresponding documentation. (Yisrael-Radcliffe Decl., ¶ 8, Exs. 2-9; see also Goldenberg Decl., Ex. 2.) Having reviewed plaintiff's documentation, I find the request for $408,934.50 adequately supported, and I respectfully recommend that plaintiff be awarded that amount.

Plaintiff also requests reimbursement of the $402 filing fee and interest on the principal amount of damages. (Attorney Certification of Richard L. Elem, Esq., dated May 6, 2025, Dkt. No. 16-1, ¶ 11.) Federal Rule of Civil Procedure 54(d)(1) directs that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Courts in this district routinely award prevailing plaintiffs the cost of the filing fee." N. Assur. Co. of Am. v. Big Apple Logistics of NY Inc., No. 12 CV 375, 2012 WL 5493601, at *4 (E.D.N.Y. Oct. 2, 2012), report and recommendation adopted sub nom., N. Assur. Co. of Am. v. Big Apple Logistics of N.Y. Inc., 2012 WL 5499948 (E.D.N.Y. Nov. 9, 2012) (citation omitted). I recommend that plaintiff be awarded $402 in costs.

As jurisdiction in this matter is premised on diversity, New York state law governs the award of prejudgment interest. See Baker v. Dorfman, 239 F.3d 415, 425 (2d Cir. 2000). Under New York law, plaintiff is entitled to prejudgment interest in this case. St. Paul Fire & Marine Ins. Co. v. Fox Insulation Co., No. 96 CV 502E(F), 1999 WL 782333, at *1 (W.D.N.Y. Sept. 30, 1999) ("An award of statutory prejudgment interest is available as a matter of right on a

judgment in a subrogation action brought by an insurance company to recover for negligent injury to its insured's property." (citation omitted)). "Interest shall be computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the statutory rate of nine percent per annum, id. § 5004. See also Mars Elecs. v. U.S.A. Direct, 28 F. Supp. 2d 91, 94 (E.D.N.Y. 1998). Thus, prejudgment interest accrues from the date the insurance company makes payment. See Phoenix Ins. Co. v. Tapemaker Sales Co., No. 23 CV 8822, 2024 WL 5399239, at *2 (E.D.N.Y. Dec. 11, 2024) (calculating prejudgment interest from the date of plaintiff's payment to the insured); St. Paul Fire & Marine Ins. Co., 1999 WL 782333, at *1 (citing Am. Home Assurance Co. v. Morris Indus. Builders, Inc., 597 N.Y.S.2d 27, 28 (1st Dep't 1993)) (same). Where damages are incurred at various times, "interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." Am. Home Assurance Co., 597 N.Y.S.2d at 28. Since most of the payments in this matter were made on September 20, 2022 (see Yisrael-Radcliffe Decl., Ex. 7, Dkt. No. 16-19), I recommend that plaintiff be awarded prejudgment interest at a rate of nine percent per annum from September 20, 2022 to the date judgment is entered.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted and that plaintiff be awarded $408,934.50 in damages, plus $402 in costs and prejudgment interest at the rate of nine percent. Plaintiff's counsel is directed to serve a copy of this Report and Recommendation on defendant by regular mail at its last known address, and to file proof of service with the court within ten days of the date of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives

the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      December 17, 2025